*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 11-AA-39

WEST END CITIZENS ASSOCIATION,
PETITIONER,

V.

DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT,
RESPONDENT;

FOGGY BOTTOM GROCERY, LLC,
INTERVENOR.

On Petition for Review of a Decision of the
District of Columbia Board of Zoning Adjustment
(BZA-18031-A)

(Argued: November 29, 2011[*]                    Decided: April 2, 2015)

*Martin P. Sullivan* for petitioner.

*Constance J. Miller* for intervenor.

---

[*] As explained more fully in the text of this opinion, this court issued its initial decision in this case in an unpublished memorandum opinion and judgment that was dated August 16, 2012, and amended December 19, 2012. We reversed the Board of Zoning Adjustment in part and remanded the record for it to resolve certain remaining issues. After further proceedings, the Board decided those issues in a final decision and order on remand dated December 8, 2014. Thereafter, this court received the augmented record and the parties' statements of their positions. Neither party requested further oral argument.

*Irvin B. Nathan*, Attorney General for the District of Columbia at the time, *Todd S. Kim*, Solicitor General, *Donna M. Murasky*, Deputy Solicitor General, and *Andrew Van Brisker*, Assistant Attorney General, filed a Statement in Lieu of Brief in support of intervenor.

Before GLICKMAN and MCLEESE, *Associate Judges*, and FARRELL, *Senior Judge*.

GLICKMAN, *Associate Judge*: This is round two in an appeal by the West End Citizens Association ("WECA") of a Certificate of Occupancy ("C of O") granted to intervenor, Foggy Bottom Grocery, LLC. Intervenor does business under the name FoBoGro. The C of O allowed FoBoGro to operate a grocery in a residentially zoned neighborhood of the District of Columbia known as Foggy Bottom. In round one, the Board of Zoning Adjustment ("BZA") concluded that the proposed grocery business would not constitute an improper expansion of a nonconforming use and therefore upheld the C of O. This court reversed that decision. On remand, the BZA again rejected WECA's appeal of the C of O, this time on equitable estoppel grounds. Before us now is WECA's petition for review of that determination. For the reasons that follow, we affirm.

## I.

The building at the center of this controversy is a three-story row house located at 2140 F Street, N.W. It has been the site of a grocery store since 1946.

The operation of that grocery on one floor of the building has been a lawful nonconforming use in a residentially zoned area since at least May 12, 1958, when the modern zoning map became effective.

In 2008, FoBoGro became interested in acquiring and modernizing the grocery business there. Before doing so, it applied for a new C of O to allow the entire building to be used for a grocery store and what its application referred to as a "sandwich shop." The Zoning Administrator approved the application and issued the requested C of O on August 21, 2008. The C of O provided that the total area of the building that could be devoted to the approved uses was 1,835 square feet, which encompassed all three floors. After receiving this C of O, FoBoGro purchased the business, leased the building from George Washington University, and eventually began renovating the property.

WECA did not learn of FoBoGro's August 2008 C of O until around August 2009. It then complained to the Zoning Administrator that the C of O improperly expanded a nonconforming use in two respects: by allowing the operation of a grocery to expand from one floor of the building to all three floors, and by permitting the operation of a sandwich shop at the location in addition to a grocery. In response to WECA's complaints, the Zoning Administrator sent a revocation

notice to FoBoGro on October 14, 2009. "Because you changed the prior use of the Property in your application by the adding of a proposed 'sandwich shop use,'" the notice stated, "the C of O . . . was issued in error." The notice did not cite the alleged expansion of the grocery store use from one to three floors as a basis for revocation.[1]

FoBoGro opposed the threatened revocation. It explained that it merely intended to sell sandwiches and other prepared foods for off-premises consumption only, as a component of its grocery business. This explanation satisfied the Zoning Administrator that no expansion of the nonconforming use was planned. On November 4, 2009, he issued a new C of O to FoBoGro to replace the August 2008 C of O. The new C of O continued to permit a grocery business to be conducted in the 1,835 square foot space at 2140 F Street. The only differences were that it described the authorized use as including an "accessory prepared food shop"

---

[1] Although prior C of O's had authorized use of the first floor as a grocery store without mentioning the other two floors of the building, the Zoning Administrator determined that those other floors always had been utilized to provide storage and office space for the grocery. This was permissible in the Zoning Administrator's view because C of O's for commercial establishments typically did not mention parts of the premises that were not open to the public. The Zoning Administrator therefore concluded that FoBoGro's use of the floors in its grocery business did not constitute an expansion of the nonconforming use of the premises, even though FoBoGro planned to repurpose the floors for retail use.

instead of a "sandwich shop," and it stated explicitly that the approved occupancy comprised three floors of the building.

WECA promptly appealed the November 2009 C of O to the BZA. It contended that the C of O impermissibly expanded the existing nonconforming grocery use by permitting FoBoGro to use the entire building in the grocery business instead of only one floor, and by permitting the operation of an accessory prepared foods shop. FoBoGro disputed these contentions and asserted affirmative equitable defenses of laches and estoppel.[2]

After a hearing at which the Zoning Administrator and other witnesses testified, the BZA rendered its initial decision in this case. It ruled that the C of O

---

[2] More or less simultaneously in the fall of 2009, WECA also protested an application FoBoGro filed with the Alcoholic Beverage Control Board (the "ABC Board") for changes in its retailer's license to allow it to expand to three floors, extend its operating hours, and incorporate a take-out deli. WECA objected that these changes would have an adverse impact on the peace, order, and quiet of the neighborhood, and on parking, vehicular and pedestrian safety, and residential property values. The ABC Board held a hearing on WECA's protest, at which WECA representatives testified. Ultimately, the ABC Board granted FoBoGro's application, finding that the requested changes in FoBoGro's grocery business were "appropriate for the location" and would "not adversely impact the peace, order, and quiet of the neighborhood; residential parking needs and vehicular and pedestrian safety; and real property values" in the area. WECA's submissions to the ABC Board and that Board's decision are included in the administrative record of WECA's appeal of FoBoGro's C of O to the BZA.

did not authorize an impermissible expansion of the nonconforming grocery store use, because that use had not been limited in the past to only one floor of the building, and because the incidental sale of prepared food for off-site consumption was part of the grocery business. The BZA therefore denied WECA's appeal of the C of O without finding it necessary to address FoBoGro's equitable defenses.

WECA sought review in this court. In an unpublished memorandum opinion, we affirmed the BZA's determination that the sale of prepared food was encompassed in the grocery use. We held, however, that the nonconforming grocery use at 2140 F Street had been limited by the terms of earlier C of O's to one floor of the building, and that it was improper for the November 2009 C of O to permit the expansion of such use to the rest of the building. We remanded the record to the BZA for it to consider three remaining issues: the timeliness of WECA's appeal of the Zoning Administrator's approval of the expanded grocery use, and FoBoGro's laches and estoppel defenses to the revocation of its C of O.[3]

---

[3] This court identified the timeliness issue *sua sponte*, noting that the Zoning Administrator first authorized the expansion of the nonconforming grocery use throughout the building in the 2008 C of O over a year before WECA filed its appeal. *See* 11 DCMR § 3112.2 (a) (2015) (providing that an appeal of a decision to grant a C of O must be filed within sixty days from "the date the person appealing the administrative decision had notice or knowledge of the decision complained of, or reasonably should have had notice or knowledge of the decision complained of, whichever is earlier"); *Basken v. District of Columbia Bd. of*

(continued…)

In its decision on remand, the BZA ruled that FoBoGro had forfeited a challenge to the timeliness of WECA's appeal[4] and had not established a laches defense. The BZA concluded, however, that FoBoGro's equitable estoppel defense to revocation of its C of O was meritorious. Accordingly, the BZA dismissed the remaining portion of WECA's appeal.

The augmented record of the proceedings before the BZA has been returned to this court for a final decision on WECA's petition for review. In compliance with our remand order, the parties have advised us of their positions with respect to the BZA's decision. FoBoGro concurs with the order of dismissal and does not seek review of the BZA's determinations regarding timeliness and laches. WECA argues that the BZA erred in accepting FoBoGro's estoppel defense and asks us to reverse the dismissal. Our review of the BZA's determination is limited in nature.

---

*(continued…)*
*Zoning Adjustment*, 946 A.2d 356, 367 (D.C. 2008) (explaining that the issuance of a new C of O "does not … start another sixty-day appeal period as to any and all DCRA zoning decisions affecting a project that preceded issuance of the certificate").

[4] Relying on this court's decision in *Gatewood v. District of Columbia Water & Sewer Auth.*, 82 A.3d 41 (D.C. 2013), the BZA concluded that the time limit in the zoning regulations for appealing a C of O is a non-jurisdictional claim-processing rule. *See id.* at 46-49. Prior decisions of this court held the time limit to be jurisdictional. *See, e.g.*, *Economides v. District of Columbia Bd. of Zoning Adjustment*, 954 A.2d 427, 434-35 (D.C. 2008).

We must affirm its factual findings as long as they are based on substantial evidence in the record and, ultimately, we must sustain its action unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[5]

## II.

Because of the public interest in enforcement of the zoning laws, stringent conditions are placed on the assertion of an equitable estoppel defense against the government, and "its application is limited to situations when the equities are strongly in favor of the party invoking the doctrine."[6] Thus, as the BZA correctly recognized, we typically have said that to make out a case of estoppel, a party must show that "(1) acting in good faith, (2) on affirmative acts of [the zoning authority], (3) he made expensive and permanent improvements in reliance

---

[5] *Kuri Bros. v. District of Columbia Bd. of Zoning Adjustment*, 891 A.2d 241, 244-45 (D.C. 2006); D.C. Code § 2-510 (a)(3) (2012 Repl.).

[6] *Sisson v. District of Columbia Bd. of Zoning Adjustment*, 805 A.2d 964, 972 (D.C. 2002) (internal quotation marks and brackets omitted); *see also id.* at 971 (emphasizing the "fundamental notion" that defenses of laches and estoppel are "judicially disfavored in the zoning context") (internal quotation marks omitted).

thereon, and (4) the equities strongly favor him."[7]  For the equities to favor the party claiming an estoppel, any injury to the public that would flow from the non-enforcement of the zoning law must be minimal and outweighed by the injury estoppel would avoid.[8]

---

[7] *Id.* at 972 (internal quotation marks and brackets omitted).  *See also* 4 RATHKOPF'S THE LAW OF ZONING AND PLANNING (hereinafter, "RATHKOPF") § 65:29 (2014) ("A basic formulation of estoppel elements states that a local government exercising its zoning powers will be estopped when a property owner (1) relying in good faith, (2) upon some act or omission of the government, (3) has made such extensive obligations and incurred such extensive expenses that it would be highly inequitable and unjust to destroy the rights which the owner has ostensibly acquired."); *Interdonato v. District of Columbia Bd. of Zoning Adjustment*, 429 A.2d 1000, 1003 (D.C. 1981) ("Only by showing each of the following elements could petitioners successfully invoke an estoppel claim: (1) expensive and permanent improvements, (2) made in good faith, (3) in justifiable and reasonable reliance upon[] (4) affirmative acts of the District government, (5) without notice that the improvements might violate the zoning regulations; and (6) equities that strongly favor the petitioners.").

[8] We note that an estoppel of government action to enforce the zoning laws does not necessarily foreclose private enforcement of rights under those laws—for example, where an adjoining property owner whose "interest is distinct from and greater than that of the community as a whole" complains in a timely manner of special damages attributable to an erroneously issued building permit or C of O. *Garrou v. Teaneck Tryon Co.*, 94 A.2d 332, 335 (N.J. 1953); *see generally* 4 RATHKOPF § 65:32 ("Laches and estoppel involving adjoining owners").  The availability of private relief when the government is estopped from revoking a permit or a C of O, or from otherwise enforcing the zoning laws, is a question our court has yet to resolve or examine in detail.  *See Rafferty v. District of Columbia Zoning Comm'n*, 583 A.2d 169, 176 (D.C. 1990) ("This court has never determined whether the District's erroneous issuance of a permit may operate to estop other interested persons from enforcing their rights under the zoning laws."); *Saah v. District of Columbia Bd. of Zoning Adjustment*, 433 A.2d 1114, 1117 n.3 (D.C. 1981) (holding BZA estopped from denying a variance where, *inter alia*,

*(continued…)*

The BZA concluded the requirements of equitable estoppel were satisfied in this case because it found that (1) the Zoning Administrator's 2008 C of O permitted the entire building to be used for the operation of a grocery; (2) FoBoGro proceeded reasonably and in good faith, having no reason to believe the 2008 C of O impermissibly expanded the nonconforming grocery use; (3) FoBoGro relied on the 2008 C of O by spending "considerable sums" to purchase the grocery business, lease the building, enter into various contracts, renovate the building, and incur other business expenses; and (4) the equities favored FoBoGro, because of its good faith and objectively reasonable reliance on the 2008 C of O, and because the BZA found "no evidence" that the neighborhood would be harmed by the continued operation of "a grocery store that has been a neighborhood institution for over 60 years."

---

*(continued…)*

injury to the public would be "minimal," but not "reach[ing] the question of the effect of the estoppel on a claim made by a neighboring landowner"); *Goto v. District of Columbia Bd. of Zoning Adjustment*, 423 A.2d 917, 925 n.15 (D.C. 1980) ("It is not clear that estoppel will bar a case brought by a neighboring landowner; arguably, that defense may be asserted only against the municipality which rendered the decision on which a party relied."). Given the absence of any convincing showing of prejudice to WECA, as we discuss below, we conclude in the present case only that the BZA permissibly relied on estoppel principles to foreclose WECA's challenge to the issuance of the 2009 C of O to FoBoGro.

WECA's principal argument on appeal is that FoBoGro "could not have relied justifiably or reasonably"[9] on the 2008 C of O when it incurred the bulk of its renovation expenses, because it did so *after* WECA commenced its attack on the C of O in August 2009.[10] But as the BZA appreciated, FoBoGro relied on the 2008 C of O to its considerable financial detriment in other ways well before it learned of WECA's challenge to the legality of its C of O, for example by purchasing the grocery business and entering into a lease of the building. Although our cases in the zoning context have focused on whether the party invoking estoppel made expensive and permanent improvements in reliance on the erroneous governmental decision, we see no reason in principle why other forms of reliance cannot equally support an estoppel. Any error by the BZA in taking FoBoGro's renovation costs into account strikes us as surely inconsequential.[11]

---

[9] *Interdonato*, 429 A.2d at 1004.

[10] FoBoGro was not issued a building permit authorizing renovations until August 16, 2009, and construction at the property did not begin until late September or early October 2009.

[11] Under "the rule of prejudicial error," D.C. Code § 2-510 (b), "reversal and remand is required only if substantial doubt exists whether the agency would have made the same ultimate finding with the error removed." *Arthur v. District of Columbia Nurses' Exam. Bd.*, 459 A.2d 141, 146 (D.C. 1983); *see, e.g.*, *Neighbors Against Foxhall Gridlock v. District of Columbia Bd. of Zoning Adjustment*, 792 A.2d 246, 254 (D.C. 2002); *Glenbrook Rd. Ass'n v. District of Columbia Bd. of Zoning Adjustment*, 605 A.2d 22, 44 (D.C. 1992).

WECA also argues that FoBoGro was precluded from asserting its estoppel defense because the C of O at issue in the present proceedings is not the 2008 C of O on which it relied, but rather is the replacement C of O that the Zoning Administrator issued in November 2009. We do not agree, because the latter C of O continued without material change the earlier authorization in the 2008 C of O of a grocery use on all three floors of the building, and FoBoGro had no reason or occasion to assert its estoppel defense at any time before WECA appealed the 2009 C of O.

Furthermore, contrary to WECA's contention, the BZA's finding that FoBoGro acted in good faith is not undermined by the fact that its principal (Mr. Hart) identified himself as the business owner in the application for the 2008 C of O before FoBoGro actually purchased the grocery. This fact was not concealed and there is no indication that the Zoning Administrator was misled in any way or that WECA or any other party was prejudiced by the irregularity.

Finally, regarding the BZA's assessment of the competing equities, WECA disagrees with the finding that the expansion of the nonconforming grocery store use from one to three floors will not harm the surrounding neighborhood. WECA appears to complain that the BZA failed to address its claims of prejudice.

However, WECA does not even attempt to demonstrate that the BZA's finding lacks substantial support in the record, nor does it point us to evidence of any actual harm flowing from the grocery store operation. WECA's expressed concerns about possible adverse effects on the area's tranquility, traffic, and property values were speculative and unsubstantiated. In our view, the BZA's dismissal of those concerns—it found "no evidence" of harm and stated that "[i]n fact, WECA has never argued that it has been harmed in any way by the operations of the grocery store"—was within the ambit of its discretion as fact finder.

In sum, we are not persuaded that the BZA materially erred in finding on the record before it that FoBoGro satisfied all the requirements for an equitable estoppel of the revocation of its C of O. We likewise are not persuaded that the BZA misunderstood or misapplied the law, that it acted arbitrarily or capriciously, or that it abused its discretion. Accordingly, we uphold the determination that FoBoGro established its estoppel defense and affirm the BZA's order of December 8, 2014, dismissing the remainder of WECA's appeal of the November 2009 C of O issued to FoBoGro.

*So ordered.*